IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES DAVIS, | : | CIVIL ACTION |
|     Petitioner | : | |
| | : | |
| VS. | : | |
| | : | |
| RANDALL BRITTON, et al | : | |
|     Respondents | : | NO. 08-2946 |

REPORT AND RECOMMENDATION

JACOB P. HART                                                                                                                                                                August 10, 2010
UNITED STATES MAGISTRATE JUDGE

      Now pending before the Court is a pro se Petition for Writ of Habeas Corpus filed, pursuant to 28 U.S.C. § 2254, on behalf of a petitioner currently incarcerated at State Correctional Institution at Houtzdale in Houtzdale, Pennsylvania. For the reasons which follow, it is recommended that the Petition for Writ of Habeas Corpus be denied.

I.     PROCEDURAL AND FACTUAL HISTORY

      Following a jury trial presided over by The Honorable Ricardo C. Jackson in the Philadelphia Court of Common Pleas, petitioner, Charles Davis, was found guilty of aggravated assault and possessing an instrument of crime. On December 21, 1995, Judge Jackson sentenced Davis to a term of ten to twenty years in prison for aggravated assault and two and a half to five years for possession of an instrument of crime, with the sentences to run consecutive. This resulted in an aggregate sentence of twelve and one half to twenty five years of incarceration.

      Davis filed a direct appeal and new counsel, Neil Carver, was appointed to represent him. On June 3, 1996, the trial court issued a single page memorandum opinion, stating that Davis' trial

counsel had failed to file a Statement of Matters Complained of on Appeal in compliance with Pa. R.A.P. 1925(b) so the court had no basis to render an opinion. The opinion further stated that the court did, however, review the notes of testimony and found no errors, so that the appeal should be dismissed. (Respondent's Exhibit G). On October 17, 1996, the Superior Court dismissed the appeal because counsel failed to file a brief. (Respondent's Exhibit L- attachment B). Petitioner's appointed counsel, Mr. Carver sent Davis a letter dated October 25, 1996, explaining that he was unable to find the notes of testimony from the trial and because he was unable to file a brief the appeal had been dismissed. He informed Davis that his only relief would be to file a PCRA petition. (Respondent's Exhibit L- attachment I; Petitioner's Exhibit).

On December 5, 1996, Davis filed a petition for relief under the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa. C.S. 9541-9546, seeking to reinstate his direct appeal. On January 3, 1997, the Honorable Genece Brinkley granted him leave to file a direct appeal *nunc pro tunc* and new counsel, Patricia Hoban, was appointed. (Respondent's Exhibit L attachment D, Exhibit H). As Respondent notes, the docket indicates that as of May 12, 1997, the only volume of notes of testimony officially included in the file transmitted to the Superior Court was the sentencing, which was the volume dated 12/21/95. However, on June 23, 1997, petitioner's attorney, Ms. Hoban filed a "no merit" brief, attaching photocopied excerpts of the notes of testimony, clearly indicating that they were available at that time. (Respondent's Exhibit I). On August 18, 1997, the Commonwealth filed a letter brief in response, also including extensive page references to the notes of testimony. (Respondent's Exhibit J).

On September 3, 1998, the Superior Court issued an unpublished memorandum opinion in which it found Ms. Hoban's brief to be improper. The Superior Court denied her request for leave

to withdraw as counsel and ordered that she file a proper petition under *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967), within 30 days. (Respondent's Exhibit K). However, attorney Hoban failed to comply with this order. On November 9, 1998, Davis filed an Application for Relief under Pennsylvania Rule of Appellate Procedure 123. (Respondent's Exhibit L). On April 28, 1999, the Superior Court remanded the case, removed Ms. Hoban as counsel, ordered that her fees be withheld and that she be referred to the disciplinary board, and ordered that new counsel be appointed. (Respondent's Exhibit M, attachment A16).

New counsel, Del Atwell, filed an advocate's brief in Superior Court, representing that the notes of testimony were not available, failing to acknowledge that Ms. Hoban had attached photocopied excerpts of the notes of testimony to her improper *Anders* brief. (Respondent's Exhibit M). On August 3, 1999, immediately upon receiving Mr. Atwell's brief, the Philadelphia District Attorney's Office sent Mr. Atwell photocopies of the notes of testimony of the trial and sentencing. In the cover letter to Mr. Atwell, the D.A.'s Office suggested that he may want to supply a copy of the notes to the Court to be certified as part of the record on appeal. (Respondent's Exhibit N).

On January 18, 2000, petitioner's counsel, Mr. Atwell, filed a supplemental brief, no longer contending that the notes of testimony were unavailable. As Respondent notes, it appears from a review of the docket that Mr. Atwell also supplemented the record, as suggested. The docket reflects that a supplemental record was received on March 3, 2000. (Respondent's Exhibit Q). The only claims raised in the supplemental brief, filed after receiving the full record, were related to sentencing. On March 15, 2000, the Superior Court issued a memorandum opinion, affirming the judgment of sentence on direct appeal. Commonwealth v. Davis, 757 A.2d 990 (Pa. Super. 2000) (table) (Respondent's Exhibit P). Davis did not file a timely petition for allowance of appeal.

3

Davis filed a PCRA petition, his first following the reinstatement of his appellate rights, which he signed on May 11, 2001. (Respondent's Exhibit Q). As Respondent notes, Davis did not allege in this petition that the notes of testimony were unavailable. Rather, he included quotes from the notes of testimony. (Respondent's Exhibit Q). The PCRA court appointed counsel, David Wisnton, to represent Davis. On November 5, 2001 and on April 9, 2002, Winston filed a "no merit" letter and a supplement to that letter, pursuant to Commonwealth v. Finley, 550 A.2d 213 (1988). (Respondent's Exhibit R). The PCRA Court issued a Notice of its Intent to Dismiss and then on May 31, 2002, the PCRA court issued an Order dismissing the PCRA petition and granting permission for counsel to withdraw. (Respondent's Exhibit S). On March 20, 2003, the Superior Court dismissed petitioner's appeal of this Order because he failed to file a brief. As Respondent notes, the docket at that time indicates that the Superior Court received 7 volumes of notes of testimony as the record in the matter. (Respondent's Exhibit T).

Over four years later, on February 13, 2007, Davis filed another PCRA petition, claiming that he had been denied his right to a direct appeal because the notes of testimony of his trial and sentencing had been irretrievably lost. (Respondent's Exhibit U). On February 27, 2008, the PCRA court dismissed the petition as untimely. Davis filed an appeal of this dismissal.

On June 23, 2008, Davis filed the instant federal habeas petition in the United States District Court for the Eastern District of Pennsylvania, raising a claim of denial of his right to appeal. On July 7, 2008, the PCRA Court issued its opinion for appellate review, finding the PCRA petition time barred. (Respondent's Exhibit V). Davis filed a motion in this court to stay his federal habeas petition on July 21, 2008, which Judge Robreno granted on August 7, 2008. (Documents 3, 4).

4

The Pennsylvania Superior Court issued an unpublished memorandum opinion affirming the dismissal of the PCRA petition. Commonwealth v. Davis, 974 A.2d 1179 (Pa. Super. 2009) (table). The Superior Court rejected Davis's claim that he satisfied the time bar exception for government interference because of the notes of testimony being missing. The Superior Court found that he had not presented his petition within the required 60 days of discovering this alleged fact. (Respondent's Exhibit W). The Pennsylvania Supreme Court denied Davis's petition seeking allocatur on September 22, 2009. Finally, on February 22, 2010, the United States Supreme Court denied Davis's petition for writ of certiorari.

On April 7, 2010, Judge Robreno issued an Order for the Respondent to show cause why the case should not be returned to the active docket. (Document 10). The Respondent did not respond, as they still contend that to this date it was never served upon their office. The case was returned to the active docket on May 12, 2010 and was referred to the undersigned for the preparation of a Report and Recommendation. On May 13, 2010, I issued an Order for an answer, at which time the original petition was first served upon the Respondent. Respondent contends that it was not until this time that they were even aware that the petition had been filed and that had they known they would have responded in 2008. On July 20, 2010 Respondent filed a reply to Davis' petition and to the three applications for various relief that he filed in this court.

II. TIMELINESS

Respondent's primary argument is that the petition is untimely and must be dismissed. Upon consideration of the record, this Court agrees.

Under the Antiterrorism and Effective Death Penalty Act of 1996, ("AEDPA"), enacted April 24, 1996:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.
> >
> > (B) the date on which the impediment to filing an application created by the State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244 (d)(1) (1996).

In the case at bar, petitioner's conviction became final on April 14, 2000, when his time for filing a petition for allowance of appeal in the Pennsylvania Supreme Court lapsed. See Kapral v. United States, 166 F.3d 565, 575 (3d Cir. 1999) (judgment becomes final at the conclusion of direct review or the expiration of time for filing such review, including the time for filing a petition for writ of certiorari in the United States Supreme Court); Pa. R.A.P. 1113(a). Davis failed to file a timely petition for allowance of appeal in the Pennsylvania Supreme Court following the Superior Court's March 15, 2000 opinion on his direct appeal. His direct appeal therefore concluded on April 14, 2000, giving him one year from that date, until April 14, 2001 to file a federal habeas petition. The instant petition was filed on June 23, 2008, over seven years too late.

The statute, however, also creates a tolling exception, which notes that "[t]he time during

which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244 (d)(2). A "properly filed application" is "one submitted according to the state's procedural requirements, such as the rules governing time and place of filing." Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998). Accordingly, "[w]hen a post conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of 28 U.S.C. § 2244(d)(2)." Pace v. DiGuglielmo, 541 U.S. 408, 125 S. Ct. 1807 (2005) (quotations omitted); see also Merritt v. Blaine, 326 F.3d 157, 165-66 (3d Cir. 2003) (if a petitioner files an out-of-time application and the state court dismisses it as time-barred, then it is not deemed to be a "properly-filed application" for tolling purposes). To determine whether or not a state PCRA petition is properly filed, "'we must look to state law governing when a petition for collateral relief is properly filed' and 'defer to a state's highest court when it rules on an issue.'" Merritt, 326 F.3d at 165 (quoting Fahy v. Horn, 240 F.3d 239, 243-244 (3d Cir. 2001)).

In this case, the PCRA petitions Davis filed after his direct appeal do not act to toll the limitations period. His original PCRA petition resulted in his appellate rights being reinstated and predated his appeal. His second PCRA petition (the first after his appellate rights were reinstated) was filed on May 11, 2001. This was already one month after the federal limitations had lapsed. Therefore, even if it is deemed a timely properly filed petition[1], it does not act to toll the already expired federal limitations period. Similarly, his next PCRA petition, filed February 13, 2007, does

---

[1] As Respondent notes, this PCRA petition may have been untimely under the PCRA statute of limitations. However, the state court did not address the timeliness issue. Respondent argues that even though the state court did not find the petition to be untimely, it still was not properly filed for the purpose of tolling the federal limitations period. Given that the petition was filed after the expiration of the federal limitations period, we do not need to address this issue. Regardless, as Respondent also notes, even if the limitations period was tolled while this petition was pending, the habeas petition is still untimely.

7

not toll the limitations period, as the limitations period had already expired.

It is also clear that none of the alternate start dates set forth in § 2244(d)(1) apply in this case. While it is evident that the notes of testimony were at some point missing, the issue was resolved prior to his conviction becoming final. As set forth above, the notes of testimony were missing at the time that Davis's first appointed direct appeal counsel sent him the letter upon which he now relies. However, following his failure to locate the notes of testimony and pursue an appeal on Davis's behalf, Davis's appellate rights were reinstated. It is evident that his counsel was provided with the notes of testimony and they were made a part of the appellate record. However, after reviewing the volumes of record, the only issues upon which he appealed related to sentencing. Any impediment to Davis filing his federal petition caused by the missing transcripts was removed prior to his direct appeal becoming final. Therefore, he is not entitled to a later start date. Davis is not asserting a newly recognized Constitutional right and the factual predicate of his claim, the missing notes of testimony, is not newly discovered. See 28 U.S.C. § 2244(d)(1). In fact, it was the basis of his direct appeal being reinstated.

Only one avenue of relief remains for petitioner. The statute of limitations in the AEDPA is subject to equitable tolling, which is proper only when the "principles of equity would make [the] rigid application [of a limitation period] unfair." Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998). The petitioner "must show that he or she exercised reasonable diligence in investigating and bringing [the] claims. Mere excusable neglect is not sufficient." Id. at 618-19 (internal quotation omitted). The Third Circuit has set forth three circumstances permitting equitable tolling: (1) if the defendant has actively misled the plaintiff; (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights; or (3) if the plaintiff has

8

timely asserted his rights, but has mistakenly done so in the wrong forum. Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999). "In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." Fahy v. Horn, 240 F.3d at 244 (citing cases). To otherwise apply equity would "loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000).

Davis has not demonstrated that he acted with due diligence in bringing his claim. There is no indication, that he was actively misled by the defendant, that he was prevented from filing this petition, or that he mistakenly filed in the wrong forum. Davis alleges government interference because of the missing notes of testimony. He also infers that the judge somehow intentionally kept the records from him. While it is clear that there was a period of time prior to reinstated appeal that appointed counsel was unable to locate the records, his appellate counsel, Mr. Atwell, was provided with the notes of testimony and they were part of the appellate record. Contrary to Davis's claim, there is no evidence of government interference. In fact, it was the government that provided the notes of testimony to Davis's appellate counsel after his rights were reinstated. It is evident, as set forth above, that Davis did not exercise due diligence in bringing this claim once the notes of testimony were located. Upon receiving Mr Atwell's response indicating that he did not have the notes of testimony, the Respondent provided him with the entire set of notes of testimony. Furthermore, Davis even quoted portions of the record in his own pro se brief in state court. However, Davis failed to file this petition until seven years later. As Davis has not offered an explanation sufficient to justify equitable tolling, we decline to exercise our equitable tolling powers

and, thus, dismiss his entire petition as untimely.

Therefore, I make the following:

RECOMMENDATION

AND NOW, this 10th day of August, 2010, IT IS RESPECTFULLY RECOMMENDED that the Petition for Writ of Habeas Corpus be DENIED. There is no probable cause to issue a certificate of appealability. The petitioner may file objections to this Report and Recommendation. See Local Civ. Rule 72.1. Failure to file timely objections may constitute a waiver of any appellate rights.

BY THE COURT:

/s/Jacob P. Hart

JACOB P. HART
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHARLES DAVIS, : CIVIL ACTION
    Petitioner :
:
VS. :
:
RANDALL BRITTON, et al :
    Respondents : NO. 08-2946

**O R D E R**

EDUARDO C. ROBRENO, J.

AND NOW, this _____ day of _____, 2010, upon careful and independent consideration of the petition for writ of habeas corpus, and after review of the Report and Recommendation of United States Magistrate Judge Jacob P. Hart, IT IS ORDERED that:

1. The Report and Recommendation is APPROVED and ADOPTED.

2. The petition for a writ of habeas corpus is DENIED; and

3. There is <u>no</u> basis for the issuance of a certificate of appealability.

                              BY THE COURT:

                              _____
                              EDUARDO C. ROBRENO, J.