```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

|  |  |
|---|---|
| CHARLES DAVIS, | CIVIL ACTION |
|   Petitioner, | NO. 08-2946 |
| v. |  |
| RANDALL BRITTON, et al., |  |
|   Respondents. |  |

# **O R D E R**

**AND NOW**, this **31st** day of **January, 2011**, upon careful and independent consideration of the petition for writ of habeas corpus[1] and after review of the Report and Recommendation of United States Magistrate Judge Jacob P. Hart, it is hereby **ORDERED** that:

1. The Report and Recommendation (doc. no. 28) is **APPROVED** and **ADOPTED**;[2]

---

[1] 28 U.S.C. § 636 governs the jurisdiction, power, and temporary assignments of United States Magistrate Judges. Subsection (b)(1) provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1).

[2] Petitioner Charles Davis ("Petitioner") was sentenced on December 21, 1995. On October 17, 1996, Petitioner's direct appeal was dismissed without prejudice because counsel—who apparently could not locate the trial transcript at the time—failed to file a brief. Petitioner filed a petition under the Pennsylvania Post Conviction Relief Act ("PCRA"), which led to Petitioner's direct appeal being reinstated. Ultimately, an

appeal was filed on Petitioner's behalf challenging Petitioner's sentence. This appeal was denied on March 15, 2000. Petitioner filed a second PCRA petition on May 11, 2001, which was treated as timely. On May 31, 2002, the PCRA petition was dismissed following the filing of a "no merit" letter. Several years later, on June 23, 2008, Petitioner filed the instant petition for a writ of habeas corpus.

Based on the date of Petitioner's filing, Magistrate Judge Hart recommends that the instant petition be dismissed as time-barred in accordance with 28 U.S.C. § 2244(d)(1). Magistrate Judge Hart further recommends that, under the circumstances presented, Petitioner's untimely petition is not saved by statutory or equitable tolling. Petitioner objects to the report and recommendation, contending that he did not have a proper opportunity for direct appeal because the trial record was previously incomplete. In particular, Petitioner emphasizes that the transcript of the voir dire was transcribed on October 3, 2001, when his direct appeal had concluded. This, Petitioner argues, violated his right to a complete record during the pendency of his first appeal: "The mere fact that the record was transcribed (6) years after petitioner's conviction and sentence became final proves the petitioner did not have a full and complete record." (Written Objections to R&R, at 1.)

As a preliminary matter, the Court observes that the factual record belies Petitioner's contention in many respects. Well before October 3, 2001, Petitioner and Petitioner's counsel had filed a variety of documents drawing heavily on the trial transcripts. For example, after initially submitting a brief arguing that Petitioner's conviction could not stand because the trial transcripts were unavailable, Petitioner's counsel received a letter from the Philadelphia DA's office advising him that the notes were available. Petitioner's counsel filed a supplemental brief shortly thereafter. Citing from the transcripts, the supplemental brief no longer contended that there were missing notes, opting to appeal on sentencing grounds instead.

Moreover, even assuming <u>arguendo</u> that the voir dire notes were unavailable during Petitioner's direct appeal, Petitioner did not timely undertake corrective action. The instant petition was filed in June of 2008—nearly seven years after the transcript of the entire trial was available based on the transcription date listed on the voir dire notes. At the very latest, the record clarifies that the voir dire notes were available to Petitioner by January 6, 2003—the date on which the docket of his appeal from the denial of his second PCRA petition states that a record containing seven volumes of testimony (a number which would necessarily include the supposedly missing voir dire notes) was filed. Petitioner's habeas petition was filed over five years after this latter date. And, in any event,

2. Petitioner's objections (doc. no. 30) are **OVERRULED**;

3. The petition for a writ of habeas corpus (doc. no. 1) is **DENIED**;

4. There is no basis for the issuance of a certificate of appealability;[3]

5. This case shall be marked **CLOSED**.

**AND IT IS SO ORDERED.**

 s/ Eduardo C. Robreno 
**EDUARDO C. ROBRENO, J.**

---

even if some notes were missing before 2001 (or 2003), Petitioner could have nevertheless sought timely relief if he had exercised reasonable diligence.

For these reasons, the Court approves and adopts Magistrate Judge Hart's report and recommendation; Petitioner's petition is time-barred under 28 U.S.C. § 2244(d)(1), and Petitioner is not entitled to statutory or equitable tolling.

[3] A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Id. § 2253(c)(2). To make such a showing, "'petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong,'" Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (quoting Slack, 529 U.S. at 484). Petitioner has not made the requisite showing in this case.